# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0696 | **DATE** | May 26, 2011 |
| **CASE TITLE** | Anthony Mason (B07828) vs. Dr. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $55.33 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The clerk is directed to issue summons for service on defendant Dr. Ghosh by the U.S. Marshal. Defendants Halloran, Miller, Bass and Shaw are dismissed from this case. The United States Marshals Service is appointed to serve defendant Dr. Ghosh. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Anthony Mason is a state prisoner at the Stateville Correctional Center. He has brought a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his objectively serious medical needs. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $55.33. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Turning to an initial review of the complaint, plaintiff alleges that he injured his hand in 2007. Defendant Dr. Ghosh was allegedly deliberately indifferent by failing to address plaintiff's injuries in a timely fashion. Plaintiff would ultimately be referred to the University of Illinois Hospital in Chicago where he saw

specialists and this resulted in two surgeries. However, plaintiff believes that Dr. Ghosh inappropriately delayed this treatment resulting in unnecessary pain. Plaintiff also believes that Dr. Ghosh failed to take various follow up steps ordered by the doctors at the University hospital following the surgeries.

Plaintiff has stated a claim for deliberate indifference against Dr. Ghosh. To make out a claim for deliberate indifference, a prisoner must allege that defendant was intentionally indifferent to an objectively serious medical need or condition — negligence, gross negligence or medical malpractice is insufficient. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007). "A delay in the provision of medical treatment for painful conditions — even non-life-threatening conditions — can support a deliberate-indifference claim." *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997); *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996)). Plaintiff alleges that Dr. Ghosh knowingly delayed his treatment for no good reason despite his numerous requests causing him unnecessary pain. This is sufficient to state a claim. (Although many of the events at issue in the complaint allegedly occurred more than two years prior to the filing of the case, plaintiff details an elaborate exhaustion history, and so the Court cannot hold, at this time, that the complaint is untimely. The Court will leave it to Dr. Ghosh to explore any affirmative defense he desires).

However, the remaining defendants must be dismissed. Plaintiff names Dr. Ghosh's employer, Wexford Health Sources, Inc., and Wexford's CEO, Kevin Halloran, as defendants. He also names the head of Illinois's Administrative Review Board (ARB) Jackie Miller, his grievance counselor Shawn Bass, and Frank Shaw, the former warden at Stateville.

A suit against Wexford is evaluated under the standard of *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658 (1978). *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). (Wexford qualifies as a state actor for Section 1983 purposes because it is performing a governmental function that was delegated to it by the IDOC, *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996), but it is not considered an arm of the State of Illinois for sovereign immunity and Section 1983 purposes because it is legally a separate entity from the State and would be required to pay any judgments on its own. *Burrs v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008)). To establish a *Monell* claim against Wexford, plaintiff must allege that his injuries were caused by Wexford's custom, policy or practice. *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). Plaintiff provides no allegations to support a *Monell* claim. Wexford's only involvement is that of Dr. Ghosh's employer, but there is no vicarious liability under *Monell*. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (citations omitted).

As to the other defendants Halloran, Miller, Bass and Shaw, there is no allegation that they were personally involved in any deliberate indifference or other constitutional violations. "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell*, 436 U.S. at 691; *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.").

However, correctional officials may violate the Constitution resulting in their own individual liability

| STATEMENT |
|---|

if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). A person is personally liable when his own conduct causes the constitutional violation. *Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *see also Jones*, 856 F.2d at 993 ("In constitutional tort cases as in other cases, a man is responsible for the natural consequences of his actions.") (citations omitted).

Halloran, Miller, Bass and Shaw's sole involvement in this case is rejecting plaintiff's grievances. Plaintiff believes that his grievances were wrongfully rejected because these defendants sided with Dr. Ghosh's view regarding plaintiff's care. A defendant may obtain knowledge, and in turn, personal involvement in a constitutional violation when ignoring grievances. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010). Plaintiff does not allege that his grievances were ignored, he believe they were wrongly rejected. This is unhelpful to plaintiff because there is no free standing constitutional right to an effective prison grievance procedure. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Defendants Halloran, Miller, Bass and Shaw are dismissed from this case.

The clerk shall issue summons forthwith for defendant Dr. Ghosh only. The Clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve defendant Dr. Ghosh. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. With respect to former correctional and/or Wexford Health Sources, Inc., employee who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any Court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

In summary, plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $55.33 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The clerk is directed to issue summons for service on defendant Dr. Ghosh by the U.S. Marshal. Defendants Halloran, Miller, Bass and Shaw are dismissed from this case. The United States Marshals Service is appointed to serve defendant Dr. Ghosh. The Marshal is authorized to mail

| STATEMENT |
|---|
| a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. |